

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL DANTZIG,

                Plaintiff,

           -against-

JAMES SLATER MD; NYU LANGONE
(TISCH) HOSPITAL; ABBOTT
LABORATORIES; MEDTRONIC
CORPORATION,

                Defendants.

1:21-CV-0104 (AJN)

ORDER OF DISMISSAL

ALISON J. NATHAN, United States District Judge:

    Plaintiff Paul Dantzig brings this *pro se* action under the Federal Anti-Kickback Statute and the False Claims Act, seeking damages. He sues: (1) James Slater, M.D., (2) NYU Langone (Tisch) Hospital, (3) Abbott Laboratories, and (4) Medtronic Corporation.[1] For the reasons discussed below, the Court dismisses this action.

### STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff have paid the relevant fees, if the Court determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Courts can also dismiss a complaint, or portion thereof, for failure to state a claim on which relief may be granted after giving the plaintiff notice and an opportunity to be heard. *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Plaintiff has paid the relevant fees to bring this action, but the Clerk of Court has not issued summonses.

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff alleges the following: Both Abbott Laboratories and Medtronic Corporation make stents that are used by NYU Langone (Tisch) Hospital ("NYU Langone"). Between 2015 and 2019, Dr. Slater, a physician and "the head of the cardiac catheterization lab" at NYU Langone, "received 99 payments from Abbott . . . and Medtronic . . . totaling $685,000, reported as Associated Research Funding, in weekly, biweekly or monthly payments." (ECF 1, at 5.) But "[t]his is not the normal way in which research funding is allocated. [It] is normally funded by a block grant at the beginning of a research project, and must be approved by an institutional review board." (*Id.*) Slater's incorrect "reporting of the payments as research funding is a direct violation of the rules and obligations of institutional review boards[,] which require any change in funding or any financial conflict to be reported and any research to be paused until the changes are approved." (*Id.*) That did not occur with respect to Abbott's and Medtronic's payments to Slater, and the payments continued.

Those payments "influenced . . . Slater to use and approve stents from Abbott . . . and Medtronic . . . and to use larger stents than required and necessary." (*Id.*)

On March 23, 2018, Plaintiff underwent cardiac surgery at NYU Langone. During that surgery, Slater "directed the cardiologist doing the procedure to insert a 38 mm Abbott stent (the largest one made)." (*Id.*) Plaintiff "developed severe complications from the inappropriate and unnecessary stent." (*Id.*)

On the date of Plaintiff's surgery, Slater received a payment of $650 from Abbott "disguised as Associated Research Funding." (*Id.*) The payments to Slater allowed Slater, Abbott, Medtronic, and NYU Langone "to bill Medicare fraudulently for upcoded and

unnecessary stents and to be enriched by false claims. The cost to Medicare over a 4 year period amounted to millions of dollars." (*Id.*)

## DISCUSSION

Plaintiff asserts claims under the Federal Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b, and under the False Claims Act ("FCA"), 31 U.S.C. 3729. The AKS prohibits, among other acts, "offering or paying a 'kickback, bribe, or rebate' in order to 'induce' a person to 'recommend' the purchase of any drug [or medical equipment] covered by a 'Federal health care program.'" *United States v. Novartis Pharm. Corp.*, No. 13-CV-3700, 2020 WL 1436706, at *1 (S.D.N.Y. Mar. 24, 2020) (quoting 42 U.S.C. § 1320a-7b(b)(2)). But there is no private right of action under the AKS. *Berger v. New York State Office for People with Developmental Disabilities*, No. 6:16-CV-1277, 2018 WL 1444213, at *5 (N.D.N.Y. Mar. 22, 2018) (citing *Donovan v. Rothman*, 106 F. Supp. 2d 513, 516 (S.D.N.Y. 2000)).

The *qui tam* provisions of the FCA allow a private plaintiff to sue persons who knowingly defraud the federal government. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).[2] "Any claim for services resulting from a violation of the AKS 'constitutes a false or fraudulent claim,' and thus is actionable under the FCA." *Novartis Pharm. Corp.*, 2020 WL 1436706, at *1 (quoting § 1320a-7b(g)). The Court therefore construes Plaintiff's complaint as asserting *qui tam* claims under the FCA arising from the defendants' alleged violations of the AKS.

---

[2] The FCA imposes civil liability upon "any person" who, among other acts, "knowingly presents, or causes to be presented," to an officer or employee of the federal government "a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). A suit under the FCA may be brought by either the federal government or by a private person, or "relator," who sues for the United States in a *qui tam* action. *See* 31 U.S.C. § 3730(a), (b)(1); *United States ex rel. Eisenstein*, 556 U.S. at 932.

3

But *pro se* litigants lack statutory standing to bring *qui tam* claims under the FCA. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se.*")*; Klein v. City of New York*, 10-CV-9568, 2012 WL 546786, at *5 (S.D.N.Y. Feb. 21, 2012) ("[A] *pro se* plaintiff[] lacks standing as a relator in a *qui tam* action pursuant to the FCA."). Such claims can only be asserted by a litigant represented by an attorney. *See Mergent Servs.*, 540 F.3d at 94. Because Plaintiff is proceeding *pro se*, he may not assert any *qui tam* claims under the FCA. The Court therefore dismisses this action without prejudice to any claims Plaintiff asserts on behalf of others[3] but grants Plaintiff 30 days' leave to find an attorney to represent him.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for lack of statutory standing, without prejudice to any claims Plaintiff asserts on behalf of others. But the Court grants Plaintiff 30 days' leave to find an attorney to represent him in this action. If an attorney fails to file a notice of appearance indicating that he or she is representing Plaintiff in this action within the time allowed, the Court will enter judgment dismissing this action for the reason discussed in this order.[4]

---

[3] District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the Court denies Plaintiff leave to file an amended complaint *pro se* in which he asserts *qui tam* claims under the FCA, as it would be futile.

[4] *Qui tam* actions filed under the FCA must normally be filed under seal. *See* 31 U.S.C. § 3730(b)(2). Plaintiff did not request that the Court seal this action when he filed his complaint. As a precaution, the Clerk of Court has limited electronic access to this action's docket to a

4

      The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 19, 2021
           New York, New York

                                                          ALISON J. NATHAN
                                           United States District Judge

---

"case-participant only" basis. If Plaintiff fails to find an attorney to represent him within the time allowed, the Court will direct the Clerk of Court to lift that restriction.